UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

Plaintiff,

v.  6:11-cv-5

GEORGIA STATE PRISON; BRUCE CHATHAM; MS. BREWTON, JOHN PAUL; MR. BREWTON; DR. BROOM; and GUARD CASTON,

Defendants.

# ORDER

## I. INTRODUCTION

This Court dismissed Plaintiff Warren Skillern's suit on April 4, 2011, because it was barred by 28 U.S.C. § 1915(g)'s three strikes rule. *See* Doc. 18.

On April 4, 2011, Skillern filed a "Motion to Put Case in Abeyance; Notice; and Motion to Add Defendants and Claims." *See* Doc. 20 ("Abeyance Motion"). The Magistrate Judge dismissed the motion because the case was closed. *See* Doc. 21.

On April 6, 2011, Skillern filed an "Objection to Dismissal on Grounds of Fraud with Amended Complaint with Clarity." *See* Doc. 22 ("April 6 Objection"). Skillern took issue with a factual finding in the Court's April 4, 2011 Order. *See id.*

On April 17, 2011, Skillern filed an "Objection or Motion for Reconsideration." *See* Doc. 23 ("April 17 Objection"). In it, Skillern argued that the Magistrate Judge erred in dismissing his Abeyance Motion because Skillern signed it before the Court dismissed his case.

On May 1, 2011, Skillern filed a "Double Motion for Ruling on Preceding Objection Pleading Dated April 6, 2011 and to Add Additional Defendants." *See* Doc. 24. This filing requested a ruling on Skillern's April 6 Objections, *see* Doc. 22, and moved to amend his Complaint to add defendants. *See* Doc. 24.

Skillern also filed a second "Double Motion to Amend Complaint and to Add Defendants." *See* Doc. 25. This motion again requested a ruling on Skillern's earlier Objections and sought to amend the Complaint to add the Magistrate Judge and this Court as defendants. *See id.*

Finally, Skillern filed a "Motion for Interlocutory Order." *See* Doc. 26. In this filing, Skillern questions whether the three strikes proscription applies when he was granted *in forma pauperis* status. *See id.* This motion appears to request this Court's certification of an interlocutory appeal. *See id.*

## II. ANALYSIS

The Court construes Skillern's April 6 Objection as a motion for reconsideration of the Court's April 4, 2011 Order.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the

exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Skillern has failed to meet this standard and his April 6 Objection, *see* Doc. 22, is ***DENIED***.

Skillern's April 17 Objection to the Magistrate Judge's denial of his Abeyance Motion, *see* Doc. 23, is ***DISMISSED AS MOOT***. Skillern stresses that he filed his motion before his case was closed. *See* Doc. 23. But regardless of when he filed this motion, the Court's order closing the case on April 4, 2011, mooted it.

Likewise Skillern's May 1, 2011, "Double Motions," *see* Docs. 24, 25, are ***DISMISSED AS MOOT***. Skillern's case is closed and he cannot amend the Complaint.

Skillern's "Motion for Interlocutory Order," *see* Doc. 26, is ***DENIED***. His case is closed and there is no need to certify a question for interlocutory appeal.

Any appeal Skillern may take from this Order or any of the Orders referenced above would not be taken in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Skillern's claims are meritless.

## III. CONCLUSION

Skillern's April 6 Objections and "Motion for Interlocutory Order," *see* Doc. 26, are ***DENIED***.

Skillern's April 17 Objection, *see* Doc. 23, and May 1 "Double Motions," *see* Docs. 24, 25, are ***DISMISSED AS MOOT***.

This 12th day of May 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA